FILED
2011 JUL -5 P 2 30

1  Charles L. Thompson, IV State Bar No. 139927
   charles.thompson@ogletreedeakins.com
2  John G. Lee, State Bar No. 238899
   john.lee@ogletreedeakins.com
3  Alka Ramchandani, State Bar No. 262172
   alka.ramchandani@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA 94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
                                        E-filing
   Attorneys for Defendant
8  TRX, Inc., a Georgia Corporation

9

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                                              MEJ

14  STEVE CULORES,                    Case No.  **11  3281**

15              Plaintiff,

16      vs.                          **NOTICE OF FILING OF REMOVAL
                                      UNDER 28 U.S.C. §1441(b) (DIVERSITY)**
17  TRX, Inc., a Georgia corporation, and Doe 1
    through Doe 10,
18
                Defendants.
19

20                                    Action Filed:    June 6, 2011
                                      Trial Date:      None Set
21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**

2  **DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that Defendant TRX, Inc. ("TRX"), through undersigned

4  counsel, hereby removes the above-captioned action from the Superior Court of the State of

5  California, County of San Mateo, to the United States District Court for the Northern District of

6  California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7      TRX's Notice of Removal is based upon and supported by the following:

8                              **THE STATE COURT ACTION**

9      1.      On June 6, 2011, Plaintiff Steve Culores ("Plaintiff") filed an unverified Complaint

10  for Damages ("Complaint") in the Superior Court of the State of California, San Mateo, entitled

11  *Steve Culores v. TRX, Inc., a Georgia corporation, and Doe 1 through Doe 10,* Case No.

12  CIV506136.

13      2.      TRX was hand served with a copy of the Complaint, Summons, and Civil Case

14  Cover Sheet on or about June 6, 2011. A true and correct copy of the Complaint and other

15  documents served on TRX are attached hereto as Exhibit "A." Plaintiff's Complaint asserts the

16  following causes of action: (1) age discrimination in violation of the California Fair Employment

17  and Housing Act ("FEHA"); (2) retaliation; (3) failure to prevent discrimination, harassment, and

18  retaliation in violation of FEHA; (4) anticipatory breach of contract; (5) defamation- forced

19  republication; (6) false promises in hiring.

20      3.      TRX timely filed an Answer to Plaintiff's Complaint in state court on July 1, 2011.

21  A true and correct copy of Defendant TRX's Answer to Plaintiff's Complaint is attached hereto as

22  Exhibit "B."

23             **THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY BASED UPON**

24                              **DIVERSITY OF CITIZENSHIP**

25      4.      This action is one over which this Court has original jurisdiction under 28 U.S.C. §

26  1332 and is one which may be removed by TRX pursuant to 28 U.S.C. § 1441. This is a civil

27  action where parties are of diverse citizenship and where the amount of controversy exceeds the

28  sum of value of $75,000, exclusive of interests and costs.

1    5.    TRX is a corporation formed under the laws of the State of Georgia. TRX's
2    principal place of business is located in Atlanta, Georgia because its headquarters, its executive and
3    senior management personnel, and its primary management operations are located there. TRX's
4    officers direct, control, and coordinate TRX's activities from corporate headquarters in Atlanta,
5    Georgia. Accordingly, TRX is not a citizen of the State of California and its citizenship is
6    determined by its place of incorporation and principal place of business, which is and was a citizen
7    of Georgia both at the time of the filing of the Complaint and at the time of removal.

8    6.    Plaintiff is a resident of the State of California, County of San Mateo, and for
9    purposes of federal diversity jurisdiction is a citizen of the State of California. (Complaint
10   ("Comp.") ¶ 1).

11   7.    The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the
12   purposes of removal, 28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co.,* 157 F.3d 686 (9th Cir.
13   1998). As such, diversity of citizenship exists in this matter between Plaintiff and TRX.

14   8.    The Complaint does not allege a damage amount as to each claim. Removal is
15   therefore proper if, from the allegations in the Complaint and the Notice of Removal, it is more
16   likely than not that the claims will exceed $75,000. *See Sanchez v. Monumental Life Ins. Co.,* 95
17   F.3d 856, 860 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). In
18   determining whether the jurisdiction minimum is met, the Court considers all recoverable damages,
19   including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.
20   *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977); *Galt G/S*
21   *v. JSS Scandinavia,* 142 F.3d 311, 315 (7th Cir. 1996).

22   9.    Based on Plaintiff's allegations, the amount in controversy in the instant case is
23   more likely than not to exceed the sum or value of $75,000. In his Complaint, Plaintiff seeks
24   damages in the form of lost wages and other employment benefits. (Comp. ¶¶ 14, 18). Plaintiff
25   further seeks loss of wages for past and future wages. (Comp. ¶¶ 29, 34, 45). Additionally,
26   Plaintiff seeks damages for severe emotional and physical distress. (Comp. ¶¶ 14, 18, 34, 45).
27   Moreover, Plaintiff seeks damages for punitive damages. (Comp. ¶¶ 15, 19, 35, 46). Thus, based
28   on a conservative good faith estimate of the value of the claims asserted in this action, Plaintiff

10455119_1.DOC

3

1 seeks recovery in excess of $75,000.00.[1] Specifically, TRX estimates the amount in controversy as
2 follows: Plaintiff's claim for compensatory damages including loss of wages, past and future, and
3 other employment benefits, must be based on his annual compensation during the time of his
4 employment with TRX. At the time of Plaintiff's termination, TRX estimates Plaintiff's annual
5 compensation, included, but was not limited to: (1) annual salary of approximately $100,320.00;
6 and (2) health care benefits, of which TRX paid a monthly premium of $1,447.66. (Declaration of
7 Karen Hilton ("Hilton Decl."), ¶ 3.) TRX estimates that, even if trial proceeds quickly, this matter
8 will not be resolved until at least one year after Plaintiff's termination from employment on or
9 about May 1, 2011. (Hilton Dec., ¶ 1.). Therefore, the amount in controversy based on Plaintiff's
10 compensatory damages claims includes at least $117,691.92.

11       10.    In addition, in cases such as the instant matter, the pleading of several different
12 types of damages in the Complaint, including damages such as emotional distress, may satisfy the
13 amount in controversy. This may occur even though the removing party does not estimate the
14 exact dollar amount of such damages. *See Simmons v. PCR Technology,* 209 F.Supp.2d 1029,
15 1031-1035 (N.D. Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600 at the time
16 of removal, included with unspecified amounts of medical expense damages, emotional damages,
17 punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in
18 controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.,* 319 F.3d 672, 674
19 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and
20 punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc.,
21 combined with a claim for attorney's fees and punitive damages, was sufficient to exceed the
22 $75,000 minimum required to establish diversity jurisdiction). Thus, the amount in controversy,
23 when considering the potential amount of all damages sought by Plaintiff, well exceeds
24 $75,000.00.

25       11.    Pursuant to Local Rule 3-2(d), Removal and Intradistrict Assignment to the San

26

27
28
[1] By estimating the amount Plaintiff may recover if he prevails, TRX does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. TRX reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

10455119_1.DOC

NOTICE OF FILING OF REMOVAL UNDER 28 U.S.C. §1441(b) (DIVERSITY)

1  Francisco division of this Court is proper because the alleged acts and occurrences arose in the

2  County of San Mateo.

3      12.    As required by 28 U.S.C. § 1446(d), the original Notice was filed within 30 days

4  after TRX was first served with a copy of the Summons and Complaint.

5      13.    As required by 28 U.S.C. § 1446(d), TRX provided notice of this Removal to

6  Plaintiff through his attorneys of record.

7      14.    As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will

8  be filed with the Superior Court of the State of California for the County of San Mateo.

9      15.    In the event that this Court has a question regarding the propriety of this Notice of

10  Removal, TRX respectfully requests that the Court issue an Order to Show Cause so that TRX may

11  have an opportunity to supplement a more detailed brief outlining the basis for this Removal.

12      WHEREFORE, Defendant TRX, Inc. removes the above-action to this Court.

15  DATED: July 5, 2011          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

18  By: _____
19  Charles L. Thompson, IV
John G. Lee
Alka Ramchandani

Attorneys for Defendant TRX, Inc., a Georgia Corporation

22  10455119.1 (OGLETREE)

5

NOTICE OF FILING OF REMOVAL UNDER 28 U.S.C. §1441(b) (DIVERSITY)

# EXHIBIT 'A'

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRX, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Steve Culores

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

(ENDORSED)
**FILED**
SAN MATEO COUNTY

JUN 6 2011

Clerk of the Superior Court
By _____ G. Lacey
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo Superior Court | CASE NUMBER<br>*(Número del caso)* **CIV 5 0 6 7 3 6** |

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George Duesdieker, Law Office of George Duesdieker – 405 El Camino Real #107, Menlo Park, CA 94025

JOHN C. FITTON

G. LACEY

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* **JUN 6 2011** | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TRX, Inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use                    SUMMONS                    Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| George Duesdieker SBN 95505<br>Law Office of George Duesdicker<br>405 El Camino Real # 107<br>Menlo Park, CA 94025<br>TELEPHONE NO.: 650.566.9529   FAX NO.: 650.618.1844<br>ATTORNEY FOR (Name): Steve Culores | RECEIVED<br><br>JUN 6   2011<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

CASE NAME:
Steve Culores v. TRX, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>CIV 506136 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify):

5. This case ☐ is   ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 6, 2011

George Duesdieker
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

1  GEORGE DUESDIEKER (SBN 95505)
   LAW OFFICE OF GEORGE DUESDIEKER
2  405 El Camino Real # 107
   Menlo Park, California 94025
3  Telephone: (650) 566-9529
   Facsimile: (650) 618-1844
4
   Attorney for Plaintiff Steve Culores
5

6

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO

9

10  STEVE CULORES,                          Case No. **CIV 5 0 6 1 3 6**

11              Plaintiff,
                                            **COMPLAINT FOR DAMAGES**
12      v.                                  1. Age Discrimination
                                            2. Retaliation
13  TRX, Inc., a Georgia corporation, and Doe 1   3. Failure to Prevent Discrimination, etc.
    through Doe 10,                         4. Anticipatory Breach of Contract
14                                          5. Defamation – Forced Republication
                Defendants.                 6. False Promises in Hiring
15

16                                          **JURY TRIAL DEMANDED**

17

18      Plaintiff STEVE CULORES alleges as follows:

19                          GENERAL ALLEGATIONS

20      1.  Plaintiff STEVE CULORES ("Culores") is, and at all relevant times was, a 56 year old male

21  residing in San Mateo County, California.

22      2.  Plaintiff, at all relevant times, was employed by defendant TRX, Inc. ("TRX") in San Mateo

23  County, California, and the impact of defendant's conduct hereinafter alleged was felt in said

24  County and State.

25      3.  Plaintiff is informed and believes and on that basis alleges that defendant TRX is a Georgia

26  corporation, but not registered with the California Secretary of State, and that at all relevant times it

27  employed several hundred people and was an employer as defined in the California Fair

28  Employment and Housing Act (FEHA). TRX is subject to the jurisdiction of California courts

                              -1-  COMPLAINT

1  because it hired Culores to work for it as an employee in California in October 2008. TRX

2  arranged with Culores that he would work for TRX as an employee from an office in his home in

3  Foster City, California.  For some time while Culores worked for TRX it also employed another

4  individual to work from a home office in Southern California. TRX has provided Culores W-2's in

5  connection with his compensation from TRX.  TRX withheld California state income tax and

6  California State Disability Insurance from the compensation it paid Culores. Culores' job with

7  TRX was to generate sales for TRX in California.  Before he was wrongfully terminated by TRX,

8  he closed at least eight sales to customers in California on behalf of TRX.

9      4.   The true names and capacities of defendants named as Doe 1 through Doe 10, inclusive, are

10  presently unknown to plaintiff. Plaintiff will amend this complaint, setting forth the true names and

11  capacities of these fictitious defendants when they are ascertained.  Plaintiff is informed and

12  believes, and on that basis alleges, that each of the fictitious defendants has participated in the acts

13  alleged in this complaint to have been done by the named defendant.

14      5.   Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, each of

15  the defendants, whether named or fictitious, was the agent or employee of each of the other

16  defendants, and in doing the things alleged to have been done in the complaint, acted within the

17  scope of such agency or employment, or ratified the acts of the other.

18

19                                      FIRST CAUSE OF ACTION

20                                        (Age Discrimination)

21      6.   Plaintiff incorporates each allegation set forth in paragraphs 1 through 5.

22      7.   In October 2008 TRX hired Culores as Director of Business Development.   At the time he

23  was actively recruited by TRX, Culores was successfully employed by a competitor of TRX.

24  Culores had good long term employment prospects where he was employed when he was recruited

25  by TRX. At the time he was recruited by TRX, Culores had over 24 years of experience in the

26  travel industry, including 13 years selling travel technology products, services and solutions.

27  Culores' years of experience with travel technology put him in the position of having long standing

28  contacts with many of the key decision makers purchasing such products.

8.    In July 2010 Culores was promoted to Senior Director Business Development for the western United States.  In September 2010, Culores was designated Team Lead for the Business Services team.   In October 2010 Culores was demoted as Team Lead, but retained his title.  After his demotion, Culores was only allowed to sell to a small subset of the TRX Travel Agency Products and Solutions vertical market.  In these shake-ups, Culores was forced to turn over a number of prospects.  In January 2011 Culores was presented with the "2011 TRX Commission Plan for BDM's" which allowed him, and all other Business Development Managers employed by TRX, 6 months to ramp up his portfolio of business, beginning January 1, 2011.

9.    During January 2011 Culores was told that he has until January 31 to get signed contracts for five late stage TRAVELTRAX opportunities. Employees approximately 15 (fifteen) years younger did not have their late stage TRAVELTRAX opportunities pulled from them in the absence of contracts signed by January 31, 2011. Plaintiff was fully qualified for each of the positions he held at TRX and he has always performed his work in an exemplary fashion.  Culores was instrumental in helping create sales tools used by TRX, which significantly helped how TRX prepared TRAVELTRAX (TTX) proposals for prospective clients.  In July 2010 TRX acknowledged that Curoles' pipeline was $15,000,000 and that he realized quick success with on-boarding clients including VISA, Bulldog Travel, Innovative Travel, Boulevard Travel, and signing a strategic partnership with Kayak.  Culores was the only member of the TRX Business Services Team who was told that he would lose his late stage accounts if contracts were not signed by January 31.   Culores complained of age discrimination to the TRX human resources department, which only paid lip service to his complaint. In March 2011 Culores complained to TRX human resources about TRX's removal of the Chevron account from Culores' responsibility after he had been working to win Chevron's business for over 2 years, and had a business relationship with a key decision-maker at Chevron stretching back 10 years.  Culores complained to TRX human resources that the removal of the Chevron account was harassment and retaliation on account of his earlier complaint of age discrimination.   True to form, TRX human resources once again paid lip service to this complaint, just as it paid lip service to credit Culores' earlier complaint of age discrimination.

1    10. On March 31, 2011 Culores obtained a signed order from Gilead Sciences, which he

2  transmitted by overnight delivery to TRX's headquarters in Georgia, with the package being

3  received the next day. Per past practice at TRX this customer's order would have been counted

4  toward Culores' sales quota for the first quarter of 2011. In flagrant disregard of this past practice,

5  and on account of age discrimination, retaliation for Culores' complaint of age discrimination, and

6  retaliation for Culores' complaint of harassment made on March 31, 2011, Shane Hammond

7  ("Hammond"), the Chief Executive Officer of TRX, in flagrant, wanton and willful disregard of

8  Culores' rights, chose to count the signed customer order against Culores' quota for the second

9  quarter of 2011, instead of the first quarter of 2011.

10    11. During April 2011 Culores obtained a three year contract with VISA worth almost $500,000

11  and an immediate purchase order from VISA for an amount in excess of $200,000. This was the

12  second piece of business which Culores obtained for TRX from VISA. Nonetheless, and despite the

13  six month ramp up announced in January 2011, during April 2011, plaintiff is informed and

14  believes and thereon alleges, that Hammond initiated, and/or directed, and/or ratified a program by

15  which the lowest performing salespeople as of the sixteen months ending March 31, 2011 would be

16  terminated. However, other salespeople 15 to 25 years younger with inferior performance and

17  employees who had not complained of age discrimination and retaliation were not fired. Culores'

18  last day with TRX was May 1, 2011.

19    12. TRX's conduct constitutes unlawful discrimination based on plaintiff's age, in violation of

20  the FEHA.

21    13. On June 5, 2011, plaintiff filed with the California Department of Fair Employment and

22  Housing (DFEH) a complaint charging defendants with age discrimination in violation of FEHA.

23  On June 5, 2011, DFEH issued a right-to-sue letter to plaintiff. Copies of which are attached hereto

24  as Exhibit A.

25    14. As a result of TRX's discriminatory actions against him, plaintiff has suffered and continues

26  to suffer damages, in the form of lost wages and other employment benefits, and severe emotional

27  and physical distress, the exact amount of which will be proven at trial.

28    15. Defendant acted for the purpose of causing plaintiff to suffer financial loss and severe

1   emotional distress and physical distress and are guilty of oppression and malice, justifying an award

2   of exemplary and punitive damages.

3                                    SECOND CAUSE OF ACTION

4                                         (Retaliation)

5       16.  Plaintiff incorporates each allegation set forth in paragraphs 1 through 15.

6       17.  Plaintiff opposed TRX's discriminatory acts by complaining in January 2011 about age

7   discrimination, which complaint was summarily rejected by TRX.  Plaintiff also complained of

8   TRX's harassment of him in March 2011.  As a result of these complaints, Plaintiff was terminated

9   by TRX in violation of its statutory, common law, corporate polices, and ethical obligations to

10  Plaintiff.  Plaintiff's DFEH charge and right to sue letter previously mentioned in this complaint

11  also encompass TRX's retaliation against him.

12      18.  As a result of TRX's discriminatory actions against him, plaintiff has suffered and continues

13  to suffer damages, in the form of lost wages and other employment benefits, and severe emotional

14  and physical distress, the exact amount of which will be proven at trial.

15      19.  Defendant acted for the purpose of causing plaintiff to suffer financial loss and severe

16  emotional distress and physical distress and are guilty of oppression and malice, justifying an award

17  of exemplary and punitive damages.

18                                   THIRD CAUSE OF ACTION

19               (Failure to Prevent Discrimination, Retaliation and Harassment)

20      20.  Plaintiff incorporates each allegation set forth in paragraphs 1 through 19.

21      21.  TRX and Doe 1 through Doe 5, and each of them failed to take all reasonable steps

22  necessary to prevent discrimination, harassment and retaliation against plaintiff Culores from

23  occurring, all in violation of the California Fair Employment and Housing Act

24      22.  Culores filed a timely administrative complaint for Defendant's failure to prevent unlawful

25  discrimination, harassment and retaliation against him.  The DFEH issued Culores a right to sue

26  letter within one year before the filing of this lawsuit. Plaintiff's DFEH charge and right to sue

27  letter previously mentioned in this complaint also encompass TRX's harassment against him.

28      23.  As a result of TRX's discriminatory actions against him, plaintiff has suffered and

                                        -5-   COMPLAINT

1  continues to suffer damages, in the form of lost wages and other employment benefits, and severe

2  emotional and physical distress, the exact amount of which will be proven at trial.

3     24. Defendant acted for the purpose of causing plaintiff to suffer financial loss and severe

4  emotional distress and physical distress and are guilty of oppression and malice, justifying an award

5  of exemplary and punitive damages.

6  FOURTH CAUSE OF ACTION

7  (Anticipatory Breach of Contract)

8     25. Plaintiff incorporates each allegation set forth in paragraphs 1 through 24.

9     26. On or about January 1, 2011 TRX and Culores entered a written contract, the "2011 TRX

10  Commission Plan for BDM's". Said written contract provided Culores and all of his peers the

11  entire first six months of 2011 to ramp up their portfolio of business.

12     27. Despite the express language of said contract, TRX removed prospects from Culores in

13  January 2011. TRX did not remove prospects from any of Culores' peers in such a fashion. In

14  April 2011 TRX, at the direction of Shane Hammond, manipulated sales results and caused Culores

15  to be fired effective May 1, 2011, notwithstanding the January 1, 2011 contract which provided him

16  with a six month ramp up period (i.e., until June 30, 2011).

17     28. At the time TRX repudiated its promises to Culores, Culores was ready, able and willing to

18  perform all those requirements imposed on him by the "2011 TRX Commission Plan for BDM's".

19     29. As a result of TRX's breach of contract, Culores has sustained damages in the form of lost

20  past and future wages and other employment benefits, in an amount to be proven at trial.

21  FIFTH CAUSE OF ACTION

22  (Defamation – Forced Republication)

23     30. Plaintiff incorporates each allegation set forth in paragraphs 1 through 29.

24     31. In April 2011 TRX, through its employees, told Culores that he was terminated for cause,

25  the cause being poor sales performance. In truth, Culores' sales performance was excellent, but at

26  the behest of Shane Hammond, TRX had willfully and wrongfully manipulated Culores' sales

27  results to paint him as a slacker who should be fired.

28     32. In his search for work since his wrongful termination by TRX, Culores has been under

-6-   COMPLAINT

1    strong pressure, and in fact has, told prospective employers that TRX terminated him for cause.

2    33.  When TRX's employees told Culores that he was terminated for cause, TRX should have

3    known Culores would be under strong pressure to communicate these statements to prospective

4    employers

5    34.  Plaintiff has been damaged as a result of this conduct through the loss of present and future

6    wages, and other employment benefits, damage to reputation, physical and emotional distress, all in

7    amounts to be proven at trial.

8    35.  Defendant acted for the purpose of causing plaintiff to suffer financial loss and severe

9    emotional distress and physical distress and are guilty of oppression and malice, justifying an award

10   of exemplary and punitive damages.

11                                SIXTH CAUSE OF ACTION

12                                (False Promises in Hiring)

13   36.  Plaintiff incorporates each allegation set forth in paragraphs 1 through 35.

14   37.  TRX promised Culores secure, long term, employment in 2008 when it recruited him away

15   from KDS where he had a successful and promising career.   Specifically, particularly during

16   September 2008, and before his hiring in October 2008, Tom Tulloch (Tulloch), then a TRX Senior

17   Vice President, promised Culores on multiple occasions that Culores would be able to sell TRX's

18   TRAVELTRAX product.  Tulloch never, in any way, limited or qualified Culores' ability to sell

19   TRAVELTRAX.  At the time Tulloch made representations about Culores' ability to sell

20   TRAVELTRAX, Shane Hammond was the Chief Operating Officer of TRX.   Shane Hammond

21   later became the Chief Executive Officer of TRX, in which role he orchestrated Culores' wrongful

22   termination.   Plaintiff is informed and believes, and thereon alleges, that Hammond had to

23   specifically approve Curoles' hiring, and his ability to sell TRX's TRAVELTRAX product.

24   38.  Without TRX's promises to sell TRAVELTRAX, Culores never would have left KDS to

25   join TRX.

26   39.  Culores is informed and believes, and thereon alleges, that Hammond did not intend for

27   TRX to keep the promises it made to Culores in connection with his hiring.

28   40.  Culores is informed and believes, and thereon alleges, that TRX intended that Culores rely

-7-    COMPLAINT
-7-    COMPLAINT

1 on its promises to him in connection with his hiring.

2     41. Culores relied on TRX's promises in coming to work for it.

3     42. TRX did not keep its promise to Culores that he could sell TRAVELTRAX. Shane

4 Hammond removed Culores' ability to sell TRAVELTRAX.

5     43. Culores was harmed as a result.

6     44. Culores reliance on TRX's promises was a substantial factor in causing his harm.

7     45. Plaintiff has been damaged as a result of this conduct through the loss of present and future

8 wages, and other employment benefits, physical and emotional distress, all in amounts to be proven

9 at trial.

10     46. Defendant acted for the purpose of causing plaintiff to suffer financial loss and severe

11 emotional distress and physical distress and are guilty of oppression and malice, justifying an award

12 of exemplary and punitive damages.

13 WHEREFORE, plaintiff prays:

14     1. For compensatory damages according to proof and prejudgment interest thereon to the extent

15 allowable by law.

16     2. For exemplary and punitive damages according to proof;

17     3. For attorney fees as allowable by law;

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

-8-   COMPLAINT

1    4. For costs of suit; and

2    5. For such other and further relief as the court may deem proper.

3

4    Dated: June 6, 2011              LAW OFFICE OF GEORGE DUESDIEKER

5

6                                 George Duesdieker
                                 Attorney Plaintiff Steve Culores

7

8                            **JURY TRIAL DEMANED**

9    Plaintiff demands trial by jury of all issues, except for attorneys' fees and costs.

10   Dated: June 6, 2011            LAW OFFICE OF GEORGE DUESDIEKER

11

12                             George Duesdieker
                                 Attorney Plaintiff Steve Culores

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201011M6164-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **STEVE, CULORES** | **(650)345-6565** |

| ADDRESS |
|---|
| **106 WILLIAMS LANE** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **FOSTER CITY, CA 94404** | **SAN MATEO** | **081** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **TRX, INC.** | **(404)929-6100** |

| ADDRESS | |
|---|---|
| **2970 CLAIRMONT ROAD NE SUITE 300** | DFEH USE ONLY |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **ATLANTA      GEORGIA, CA 30329** | **SAN MATEO** | **081** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **300+** | **05/01/2011** | **00** |

THE PARTICULARS ARE:

I allege that on about or before **05/01/2011** , the following conduct occurred:

- X termination
- laid off
- demotion
- harassment
- genetic characteristics testing
- constructive discharge (forced to quit)
- impermissible non-job-related inquiry

- denial of employment
- denial of promotion
- denial of transfer
- denial of accommodation
- X failure to prevent discrimination or retaliation
- retaliation
- other (specify) _____

- denial of family or medical leave
- denial of pregnancy leave
- denial of equal pay
- denial of right to wear pants
- denial of pregnancy accommodation

by **TRX, INC.**

Name of Person _____   Job Title (supervisor/manager/personnel director/etc.) _____

because of :
- sex
- X age
- religion
- race/color

- national origin/ancestry
- marital status
- sexual orientation
- association

- disability (physical or mental)
- medical condition (cancer or genetic characteristic
- other (specify) _____

- X retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

MY JOB WAS TO SELL TRAVEL TECHNOLOGY PRODUCTS FOR TRX, INC. TRX, INC. LURED ME TO THEIR EMPLOY IN OCTOBER 2008 WITH PROMISES THAT I WOULD HAVE THE ABILITY TO SELL TRX'S TRAVELTRAX PRODUCT. I WOULD NOT HAVE LEFT MY PREVIOUS EMPLOYER IF THIS PROMISE HAD NOT BEEN MADE. IN JANUARY 2011 THIS PROMISE WAS REVOKED, AND I WAS TOLD THAT I HAD UNTIL JANUARY 31, 2011 TO OBTAIN SIGNED CONTRACTS FROM FIVE LATE STAGE TRAVELTRAX OPPORTUNITIES. I WAS THE ONLY SALESPERSON GIVEN THIS REQUIREMENT. I AM 55. EMPLOYEES 15 YEARS YOUNGER DID NOT HAVE LATE STAGE OPPORTUNITIES PULLED FROM THEM IN THE ABSENCE OF SIGNED CONTRACTS. I COMPLAINED TO TRX HUMAN

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **06/05/2011**

At **Foster City**

DATE FILED: **06/05/2011**

DFEH-300-03c (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

*EXHIBIT "A"*

# * * * EMPLOYMENT * * *

| | |
|---|---|
| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH #   E201011M6164-00 |
| | DFEH USE ONLY |

**State of what you believe to be the reason(s) for discrimination**

MY JOB WAS TO SELL TRAVEL TECHNOLOGY PRODUCTS FOR TRX, INC. TRX, INC. LURED ME TO THEIR EMPLOY IN OCTOBER 2008 WITH PROMISES THAT I WOULD HAVE THE ABILITY TO SELL TRX'S TRAVELTRAX PRODUCT. I WOULD NOT HAVE LEFT MY PREVIOUS EMPLOYER IF THIS PROMISE HAD NOT BEEN MADE. IN JANUARY 2011 THIS PROMISE WAS REVOKED, AND I WAS TOLD THAT I HAD UNTIL JANUARY 31, 2011 TO OBTAIN SIGNED CONTRACTS FROM FIVE LATE STAGE TRAVELTRAX OPPORTUNITIES. I WAS THE ONLY SALESPERSON GIVEN THIS REQUIREMENT. I AM 56. EMPLOYEES 15 YEARS YOUNGER DID NOT HAVE LATE STAGE OPPORTUNITIES PULLED FROM THEM IN THE ABSENCE OF SIGNED CONTRACTS. I COMPLAINED TO TRX HUMAN RESOURCES ABOUT THIS AGE DISCRIMINATION IN JANUARY 2011, BUT THEY ONLY PAID LIP SERVICE TO MY CLAIM. IN HARASSMENT AND RETALIATION FOR MY JANUARY 2011 AGE DISCRIMINATION COMPLAINT I WAS HARASSED IN MARCH 2011 WHEN I WAS TOLD THAT CHEVRON WAS BEING REMOVED AS ONE OF MY ACCOUNTS EVEN THOUGH I HAD BEEN WORKING IT FOR 18 MONTHS, WELL WITHIN THE NORM OF THE SALES CYCLE FOR TRAVEL TECHNOLOGY PRODUCTS.

ALSO, DURING JANUARY 2011 I WAS PRESENTED WITH A SALES COMPENSATION PLAN WHICH GAVE ME AND ALL OTHER SALESPEOPLE 6 MONTHS ENDING JUNE 30, 2011 TO RAMP UP MY PORTFOLIO OF BUSINESS. ON THE LAST DAY OF MARCH 2011 I OVERNIGHTED (PER STANDARD TRX PRACTICE) A SIGNED CUSTOMER ORDER FROM GILEAD TO PUT ME ON TRACK TO MAKE QUOTA FOR THE FIRST QUARTER. SHANE HAMMOND, CEO, CHOSE TO CREDIT THE GILEAD ORDER IN THE SECOND QUARTER. THEN HAMMOND ANNOUNCED A PREVIOUSLY SECRET AND UNDISCLOSED LAY-OFF PROGRAM WHERE THE THREE LOWEST PERFORMING SALES PEOPLE FOR THE 16 MONTHS ENDING MARCH 31 WOULD BE LAID OFF. WITH HAMMOND'S COUNTING THE GILEAD ORDER ON APRIL 1 RATHER THAN MARCH 31 (AS WAS STANDARD TRX PRACTICE) I WAS AMONG THE THREE LOWEST SALES PEOPLE, AND WAS LAID OFF ON MAY 1. MY LAY OFF WENT FORWARD EVEN THOUGH I BROUGHT $200,000 OF BUSINESS TO TRX FROM VISA IN APRIL 2011 (AND WITH THE POTENTIAL FOR MUCH MORE BUSINESS FROM VISA). SHANE HAMMOND'S DECISION TO LAY ME OFF WAS MOTIVATED, I BELIEVE, IN RETALIATION FOR MY COMPLAINT OF AGE DISCRIMINATION MADE IN JANUARY, AND FOR MY CALLING OUT MY HARASSMENT BY TRX IN MARCH WHEN IT REMOVED THE CHEVRON ACCOUNT FROM ME ON ACCOUNT OF MY AGE DISCRIMINATION COMPLAINT.





STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                          EDMUND C. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          Phyllis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov

June 05, 2011

STEVE, CULORES
106 WILLIAMS LANE
FOSTER CITY, CA 94404

RE:  E201011M6164-00
     STEVE/TRX, INC.

Dear STEVE, CULORES:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 05, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:   Case File

SHANE HAMMOND
CEO
TRX, INC.
2970 CLAIRMONT ROAD NE SUITE 300
ATLANTA, GA 30329

DFEH-200-43 (06/06)

# NOTICE OF CASE MANAGEMENT CONFERENCE

_Culores_

(ENDORSED)
**FILED**
SAN MATEO COUNTY

JUN 6 2011

Clerk of the Superior Court
By G. Lacey
DEPUTY CLERK

vs.

_TRX_

Case No. **CIV 506136**

Date: _9-23-11_

Time: 9:00 a.m.

Dept. – on Tuesday & Thursday
Dept. 7 on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
    a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).
    b. **Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.**
    c. **File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.**
    d. **Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.**

> 2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
    a. Referring parties to voluntary ADR and setting an ADR completion date;
    b. Dismissing or severing claims or parties;
    c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

# Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

## What are the Advantages of Using ADR?

- *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

- *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

## What are the Disadvantages of Using ADR?

- *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

## Are There Different Kinds of ADR?

- **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- **Judicial Arbitration** – is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

- **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

- **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date. For questions regarding settlement conferences, call (650) 599-1076.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-5 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

☐ The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

☐ All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

☐ If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

☐ You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
  o For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

☐ If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

☐ Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

☐ Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

☐ If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

---

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

---

**For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 599-1073/fax: (650) 599-1754**

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

- *Free* - Parties do not have to pay for the arbitrator's fee.

- *Fast* - Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

- *Informal* - The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

- The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

- During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

- Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

- Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.
  - For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

- After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

- If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

- Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897**

Page 3 of 3

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8  [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

### STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(l)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                       ☐ Binding Arbitration (private)
☐ Neutral Evaluation                          ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**     ☐ Summary Jury Trial
☐Other: _____

Case Type: _____
Neutral's name and telephone number: _____
Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

ORIGINAL SIGNATURES

_____            _____
Type or print name of ☐Party without attorney        ☐Attorney for  (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant       Attorney or Party without attorney

_____            _____
Type or print name of ☐Party without attorney        ☐Attorney for  (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant       Attorney or Party without attorney

ADR-CV-2 [Rev. 9/04]            Page 1 of 2            www.sanmateocourt.org

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

---
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---
☐Attorney for (Signature)

Attorney or Party without attorney

---
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---
☐Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

---
JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

### DIVISION II
### COURT MANAGEMENT - SUPERIOR COURT

### CHAPTER 1. FORM AND SERVICE OF PAPERS

Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996,)

Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1. MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2. CASEFLOW MANAGEMENT

Rule 2.3 New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)    Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed.  (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not

(D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."* Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)   Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)   Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules.  The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

### Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)   A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)   An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)   An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)   An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar.  Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

### Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

Superior Court of California, County of San Mateo

(a)     At all settlement conferences, notwithstanding any other Rule:

   (1)     The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

   (2)     Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

   (3)     With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

   (4)     Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

   (5)     Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

      (A)     A statement of facts.

      (B)     The contentions of each party to the action regarding liability and damages.

    · (C)     An itemized list of special damages.

      (D)     In any case in which personal injury is claimed:

         (i)     A description of the nature and extent of any injury claimed, including residuals.

         (ii)     A description of the basis for and method of calculation of any claimed wage loss.

      (E)     The most recent demand and offer or a description of any other proposed settlement between or among the parties.

   (6)     All parties shall be prepared to make a bona fide offer of settlement.

(b)     The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c) No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

(d) At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e) Sanctions pursuant to CRC 2..30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2005) (Amended, effective January 1, 2007) (Amended, effective January 1, 2009)

## PART 3. CALENDAR MANAGEMENT

Rule 2.5 Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6 Refund of Jury Fees: Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3. [RESERVED]

Superior Court of California, County of San Mateo

## CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)     Served on one trial until discharged.

(b)     Been assigned on one day for jury selection until excused by the jury commissioner.

(c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.7.1 Proposed Jury Instructions

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a CD or USB flash drive, also commonly referred to as a thumb drive, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2010)

Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055.  Any jury instructions requested after the conclusion of taking evidence shall be in writing.

Superior Court of California, County of San Mateo

The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In "Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.7.4  Changing Jury Instructions

If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

(Adopted, effective January 1, 2000)

Rule 2.7.5  Jury Instruction Conference

Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

The trial judge will then discuss with counsel:

(1)    Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

(2)    Whether there is any patent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

(3)    Whether there is any other modification, namely those to which the parties will stipulate.

Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

### Rule 2.7.6 Refund of Jury Fees: Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5. GENERAL RULES

### Rule 2.8 Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

### Rule 2.9 Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set. No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

### Rule 2.10 Interpreters and Translators

a)   Notice. When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record. That party shall make arrangements for the presence and the payment of the interpreter.

b)   Qualifications. Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance . If the interpreter is an official court interpreter, no prior disclosure is required.

c)   Relations or friends. Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6. CIVIL TRIAL RULES

### Rule 2.20 Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
(1)   Any in limine motions and response thereto;
(2)   Any trial briefs;
(3)   A concise non-argumentative statement of the case to be read to the jury; and

>    (4)   A list of possible witness who may testify in the trial to be read to the jury panel by
>          the court.

(Adopted, effective January 1, 2002)


## Rule 2.21   In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial.
Any response shall be served upon the proponent of the motion not later than the first appearance in the
Department of the Presiding Judge for trial assignment.

(Adopted, effective January 1, 2002)


## Rule 2.22   Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of
assignment to a trial department, with an original and sufficient copies of each such exhibit for all other
parties and the court. The court may make, in it discretion, any orders it deems appropriate regarding the
exchange and presentations of exhibits.

(Adopted, effective January 1, 2002)


## RULE NUMBERS 2.23 TO 2.29 ARE RESERVED


## CHAPTER 7.  COMPLEX CASES

## Rule 2.30   Determination of Complex Case Designation.

### A.   Decision of Complex Case to be Made by Presiding Judge

The Presiding Judge shall decide whether an action is a complex case  within the meaning of
California Rules of Court, Rule 3.400,  subdivision (a), and whether it should be assigned to a single
judge for all purposes.   All status conferences or other hearings regarding whether an action should be
designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's
department.

### B.  Provisional Designation.

An action is provisionally a complex case if it involves one or more of the following types of
claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or
structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic
tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions;
or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge
has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule
3.400, subdivision (a).

### C.   Application to Designate or Counter-Designate an Action as a Complex Case.

Superior Court of California, County of San Mateo

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)  Management of a large number of separately represented parties;
(2)  Complexity of anticipated factual and/or legal issues;
(3)  Numerous pretrial motions that will be time-consuming to resolve;
(4)  Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)  Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)  Whether or not certification of a putative class action will in fact be pursued; and
(7)  Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.  Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.  Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

214

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

F. **Notice.**
The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action. Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

G. **Representations to the Court.**

By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

    (1) That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

    (2) That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3) That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

H. **The Presiding Judge's Continuing Power.**
With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

I. **Pilot Program; Sunset Provision.** (Repealed, effective 1/1/2007).

(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)

## RULE NUMBERS 2.31 TO 2.35 ARE RESERVED

## CHAPTER 8. ACCESS TO COURT RECORDS

Superior Court of California, County of San Mateo

Rule 2.36   Public Access and Privacy

Please reference. California Rules of Court, Rule 1.20.

(Adopted, effective January 1, 2008)

Rule 2.37   Public Access.

Exhibits or attachments to a document that are filed or lodged with or otherwise presented to the court, that are not otherwise marked as confidential or sealed, may be subject to public viewing and access either at the courthouse or electronically on-line (California Rules of Court, Rule 2.503, et seq.).

(Adopted, effective January 1, 2008)

Rule 2.38   Electronic Access.

Documents that are part of a court record are reasonably made available to the public electronically under the Court's Electronic Imaging program as permitted by California Rules of Court, Rules 2.500, et seq. Documents that are not properly protected by being marked confidential or sealed by court order may be subject to public access as discussed in Rule 2.38.

(Adopted, effective January 1, 2008)

| ATTORNEY APPEARING | DO NOT FILE WITH COURT |
|---|---|
| Name:<br><br>Firm Name:<br><br>Tel No:<br>Fax No:<br>State Bar No.<br><br>ATTORNEY FOR (Name): | **YOU MUST COMPLETELY FILL OUT ALL INFORMATION ON THIS FORM PRIOR TO SUBMITTING TO COURTCALL OR YOUR REQUEST CANNOT BE PROCESSED!** |
| **COURT: SAN MATEO SUPERIOR COURT** | |
| **Case Name:** | **CASE NUMBER:**<br><br>**DEPARTMENT/JUDGE:**<br><br>**DATE:**<br><br>**TIME:**<br><br>**HEARING:** |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | Our Tax ID#: 95-4568415 |

1. _____(Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT I DIAL INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME. COURTCALL DOES NOT DIAL OUT TO ME.

2. Not less than 5 Court days or 4:00 PM on the Court day prior to the hearing if the department posts tentative rulings, a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 743-1850 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $65.00 (plus additional fee of $35.00 if late filing is accepted) paid as follows:

____Check - (copy attached-write CourtCall ID# on check-and faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN) payable to Telephonic Hearing Account and original mailed to CourtCall at 6383 Arizona Circle, Los Angeles, CA 90045, telephone (310) 342-0888 or (888) 88-COURT. **INDIVIDUALS REPRESENTING THEMSELVES MUST PAY BY CREDIT CARD!**

____Charged - to CourtCall Debit Account No.:_____

____Charged - to VISA, Mastercard or American Express:

To be completed only on the copy submitted to CourtCall, LLC:

Credit Card Number:_____    Expiration Date:_____

To pay by credit card, the copy of this form submitted to CourtCall, LLC must be signed by the person whose credit card is to be charged and must be faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.

_____    _____
Type Name                                                Signature

4. Request forms are processed within 24 hours of receipt. Call CourtCall if you do not receive a faxed Confirmation within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL. Matters continued at the time of the hearing require a new form and fee for the continued date. There are no refunds for matters voluntarily taken "off calendar" or canceled. To cancel a CourtCall Appearance fax a copy of your Confirmation marked "Canceled" to 310-743-1850.

5. *MY SIGNATURE ON THIS DOCUMENT SERVES AS CONSENT FOR COURTCALL TO CONTINUE TO FAX (AT THE FAX NUMBER LISTED ABOVE UNDER "ATTORNEY OF RECORD") OR EMAIL NOTICES TO ME OR MY FIRM ADVISING OF UPCOMING APPEARANCES AND/OR OTHER OFFERINGS FROM COURTCALL UNTIL I OR MY FIRM ADVISES COURTCALL OTHERWISE.*

Date: _____    Signature: _____

# EXHIBIT 'B'

1  Charles L. Thompson, IV State Bar No. 139927
   charles.thompson@ogletreedeakins.com
2  John G. Lee, State Bar No. 238899
   john.lee@ogletreedeakins.com
3  Alka Ramchandani, State Bar No. 262172
   alka.ramchandani@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. **ENDORSED FILED**
   Steuart Tower, Suite 1300                        **SAN MATEO COUNTY**
5  One Market Plaza
   San Francisco, CA 94105                          JUL – 1 2011
6  Telephone:   415.442.4810
   Facsimile:   415.442.4870                        Clerk of the Superior Court
7                                                    By _____ UNA FINAU
   Attorneys for Defendant                                 DEPUTY CLERK
8  TRX, Inc., a Georgia Corporation

9

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF SAN MATEO

14

15  STEVE CULORES,                          Case No. CIV 506136

16              Plaintiff,

17      vs.                                 DEFENDANT TRX, INC.'S, ANSWER TO
                                            COMPLAINT FOR DAMAGES
18  TRX, Inc., a Georgia corporation, and Doe 1
    through Doe 10,
19
                Defendants.
20
                                            Action Filed:    June 6, 2011
21                                          Trial Date:      None Set

22
                                            BY FAX
23

24

25

26

27

28

1046384_1                                     1                    Case No. CIV 506136

              DEFENDANT'S TRX, INC.'S, ANSWER TO COMPLAINT FOR DAMAGES

1    Defendant TRX, Inc. ("TRX") answers Plaintiff Steve Culore's ("Plaintiff") unverified

2  Complaint ("Complaint") as follows:

3                                      **GENERAL DENIAL**

4    Under the provisions of California Code of Civil Procedure Section 431.30(d), TRX denies

5  each and every allegation of Plaintiff's Complaint and denies that Plaintiff has been damaged in

6  any sum or amount whatsoever.

7                                   **AFFIRAMTIVE DEFENSES**

8                                **FIRST AFFIRMATIVE DEFENSE**

9    The Complaint and each purported cause of action alleged therein fail to state facts

10 sufficient to constitute a cause of action upon which relief can be granted.

11                               **SECOND AFFIRMATIVE DEFENSE**

12    The Complaint and each purported cause of action alleged therein are barred in whole or in

13 part by any and all applicable statute of limitation (including without limitation, Cal. Code Civ.

14 Proc. §§ 335.1, 337, 338(a), and 339(1)).

15                                **THIRD AFFIRMATIVE DEFENSE**

16    Plaintiff has or has had unclean hands with respect to the matters alleged in the Complaint

17 and is therefore barred, in whole or in part, from recovering any relief on the Complaint or any

18 purported cause of action alleged therein.

19                               **FOURTH AFFIRMATIVE DEFENSE**

20    Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of

21 damages must be reduced, excused, and/or discharged by virtue of Plaintiff's failure to exercise

22 reasonable diligence to mitigate his alleged damages.

23                                **FIFTH AFFIRMATIVE DEFENSE**

24    The Complaint and each purported cause of action alleged therein are barred, in whole or in

25 part, because Plaintiff failed to exhaust administrative remedies.

26                                **SIXTH AFFIRMATIVE DEFENSE**

27    The Complaint and each purported cause of action alleged therein are barred, in whole or in

28 part, by the equitable doctrine of laches.

10462084_1

                                              2

1 **SEVENTH AFFIRMATIVE DEFENSE**

2 Plaintiff is estopped by his own acts, omissions, representations, and/or courses of conduct

3 from asserting the causes of action upon which he seeks relief.

4 **EIGHTH AFFIRMATIVE DEFENSE**

5 The Complaint and each purported cause of action alleged therein are barred, in whole or in

6 part, by after-acquired evidence.

7 **NINTH AFFIRAMTIVE DEFENSE**

8 Plaintiff's claims for emotional distress damages are barred by the exclusivity provisions of

9 the California Worker's Compensation law.

10 **TENTH AFFIRMATIVE DEFENSE**

11 Plaintiff's cause of action for defamation is barred because any alleged defamatory

12 statements made against Plaintiff were true.

13 **ELEVENTH AFFIRMATIVE DEFENSE**

14 Plaintiff's cause of action for defamation is barred because any alleged defamatory

15 statements were subject to a qualified immunity/privilege.

16 **TWELVTH AFFIRMATIVE DEFENSE**

17 Plaintiff's cause of action for defamation is barred because any defamatory statements were

18 privileged communications between interested parties.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

DEFENDANT'S TRX, INC.'S, ANSWER TO COMPLAINT FOR DAMAGES

10462084_1

1      **PRAYER FOR RELIEF**

2      WHEREFORE, TRX prays as follows:

3      1.      For entry of judgment in favor of TRX and against Plaintiff;

4      2.      That Plaintiff takes nothing by way of his Complaint;

5      3.      That TRX be awarded costs of suit herein;

6      4.      That TRX be awarded actual attorneys' fees incurred in defending this suit;

7              and

8      5.      For such other and further relief as this Court may deem just and proper.

9

10

11     DATED: July _1_, 2011                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.
12

13

14                                              By: _____
                                                    Charles L. Thompson, IV
15                                                  John G. Lee
                                                    Alka Ramchandani
16
                                                Attorneys for Defendant TRX, Inc., a Georgia
17                                              Corporation

18

19     10462084.1 (OGLETREE)

20

21

22

23

24

25

26

27

28

                                    4

1

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN MATEO**
**PROOF OF SERVICE**
*Steve Culores v. TRX, Inc.*
Case No. CIV 506136

2

3

4      I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

5

6

7      On July 1, 2011 I served the following document(s):

8      **DEFENDANT TRX, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

9      by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

10

**George Duesdieker**
**LAW OFFICE OF GEORGE DUESDIEKER**
**405 El Camino Real, #107**
**Menlo Park, CA 94025**

11

12

13   ☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14

15

16

17   ☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

18

19   ☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

20

21

22

23   ☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

24

25          ☐      the written confirmation of counsel in this action:

26          ☐      [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

27

28          ☐      [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

10552523_1

1

1    ☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an
2        agreement of the parties to accept service by e-mail or electronic transmission, I caused
         the documents to be sent to the person[s] at the e-mail addresses listed on the attached
3        service list. I did not receive, within a reasonable time after the transmission, any
         electronic message or other indication that the transmission was unsuccessful.

4    X   **(State)**      I declare under penalty of perjury under the laws of the State of California that
                          the above is true and correct.

5    ☐   **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this
6                         Court at whose direction the service was made.  I declare under penalty of
                          perjury under the laws of the United States of America that the above is true
                          and correct.

7        Executed on July 1, 2011 at San Francisco, CA.

8

9    Dorthea J. Beck                                         Dorthea J. Beck
     Type or Print Name                                      Signature

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10552523_1

2